# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**WILLIAM TODD BOWLDS**                                                         **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 4:10CV-P141-M**

**RENEE WILSON et al.**                                                **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, William Todd Bowlds, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff sues in their individual and official capacities probation officers Renee Wilson and Jarod Dortch. He also sues the Kentucky Department of Corrections and the Commonwealth of Kentucky. He alleges that on November 13, 2009, he was arrested and accused of "going abscondent on Probation/Parole and for not paying the monthly fee at the Rosedale Rest Home" and accused of not signing out of the Rosedale Rest Home on the day before. He states that he was put in the Breckinridge County Detention Center where Defendant Wilson ordered the jail to conduct a urine analysis on him. He further states that on December 4, 2009, at a revocation hearing in the Hancock Circuit Court on these charges, Defendant Wilson did not and would tell the judge the truth, *i.e.*, that he did in fact sign himself out of the Rosedale Rest Home properly; that he had passed the urine test; and that he had turned himself in. He alleges that, therefore, Defendant Wilson violated his constitutional rights. He further alleges that he contacted her supervisor, Defendant Dortch, and that Defendant Dortch refused to assign

him another probation/parole officer and refused to do anything when Plaintiff filed a complaint with him regarding Defendant Wilson. He alleges that Defendants Wilson and Dortch work for the Kentucky Department of Corrections and the Commonwealth of Kentucky, who are responsible for these employees' action. As relief, Plaintiff wants monetary and punitive damages, to be released on shock probation or parole, and to be given a different probation/parole officer.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the *Heck* doctrine, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged

2

by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Moreover, a probation officer performing duties to ensure that a probationer is complying with the terms of probation and evaluating that compliance is entitled to absolute, quasi-judicial immunity from liability in a civil-rights action. *See Loggins v. Franklin County, Ohio*, 218 F. App'x 466, 476-77 (6th Cir. 2007); *Timson v. Wright*, 532 F.3d 552, 552 (6th Cir. 1976) (per curiam). Plaintiff's complaint regarding Defendant Wilson concerns her performance of her duty as a probation officer. As such, Plaintiff's claims against Defendant Wilson must be dismissed for this reason as well.

Plaintiff's claim against Defendant Dortch also would have to be dismissed even were it not barred by *Heck*. Plaintiff's only allegation against Defendant Dortch, who is Defendant Wilson's supervisor, is that he refused to do anything regarding Plaintiff's complaint about Defendant Wilson. The Sixth Circuit has held that "liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The right to control employees, or respondeat superior, is not enough to establish § 1983 liability. *Id.* Moreover, a knowledge of the alleged violations and a subsequent failure to act do not constitute an acquiescence of the

unconstitutional conduct. *Id.* Therefore, Plaintiff's allegation against Defendant Dortch also fails to state a claim upon which relief may be granted.

Finally, the Court lacks subject matter jurisdiction over Plaintiff's constitutional claims against the Kentucky Department of Corrections and the Commonwealth of Kentucky because the Eleventh Amendment to the U.S. Constitution specifically prohibits federal courts from entertaining suits brought directly against the states themselves. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST., amend. XI. Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment in such a way as to foreclose that possibility. *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). Therefore, Plaintiff's claims against these state entities are barred by the Eleventh Amendment.

To the extent that Plaintiff wishes to challenge the validity of his state-court conviction in this Court, he may do so in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he has fully exhausted his state court remedies.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims.

Date:


cc: Plaintiff, *pro se*
    Defendants
4414.009

4